UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Benjamin Teich, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Benjamin.Teich@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| Princeton Alternative Income Fund, LP et al., | |
| | Case No. 18-14603 (MBK) |
| Debtor(s) | Hearing Date: April 13, 2018 at 10:00 a.m. |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO FILE NAMES OF ITS INVESTORS AND CUSTOMERS UNDER SEAL**

The Acting United States Trustee (the "U.S Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this objection (the "Objection") to the Debtors' motion to file under seal the names of the Debtors' investors and customers.

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United*

*States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6 Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-referenced Objection.

## BACKGROUND

4. On March 9, 2018 (the "Petition Date"), Princeton Alternative Income Fund, LP ("PAIF") and Princeton Alternative Funding, LLC ("PAF") (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). *See* Docket Entry 1.

5. The U.S. Trustee has not appointed an official committee of unsecured creditors.

6. On March 12, 2018, the Debtors filed a motion for joint administration of the PAIF and PAF bankruptcies. *See* Docket Entry 10. The Court entered an order jointly administrating the cases on March 16, 2018 that designated PAIF the lead case. *See* Docket Entry 20.

7. On March 23, 2018, the Debtors filed a motion pursuant to 11 U.S.C. § 107 seeking to seal the names of the Debtors' equity security holders and the names of its customers (the "Seal Motion"). *See* Docket Entry 32.

8. The Seal Motion argues that the names of equity security holders and customers "are sensitive in the finance industry" and "not typically made publicly available." *See id*. at ¶ 9.

9. The Seal Motion further asserts that PAIF "has expended considerable effort and money to develop its relationships with its investors and customers, and if their identities were

disclosed publicly, they would be highly susceptible to solicitation by others . . ." *Id.*

## LEGAL ANALYSIS

10. There is a general right of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978); *see also Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24, 26 (2d Cir. 1994); *In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993). In *Nixon v. Warner Communications, Inc.*, the Supreme Court stated that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*, 435 U.S. at 591. The United States Court of Appeals for the Third Circuit has concluded that there is "a right of access to judicial proceedings and judicial records" that is "beyond dispute." *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 780-81 (3d Cir. 1994).

11. Section 107(a) of the Bankruptcy Code is "a codification of the common law general right to inspect judicial records and documents." *Alterra Healthcare Corp.*, 353 B.R. at 75; *Orion Pictures Corp.*, 21 F.3d at 26. It provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public without charge. 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Orion Pictures Corp.*, 21 F.3d at 26. "[D]ocuments filed in bankruptcy cases have historically been open to the press and general public," and there is a "strong presumption in favor of public access to judicial records and papers. . . ." *Alterra Healthcare Corp.*, 353 B.R. at 75; *In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

12. A party may invoke a limited exception to public disclosure to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1); *accord* FED. R. BANKR. P. 9018. Rule 9018, provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

FED. R. BANKR. P. 9018.

13. In the Third Circuit, a party seeking to seal any part of a judicial record bears the burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking to seal. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984); *accord In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected and make specific findings on the record concerning the effects of the disclosure. *Publicker,* 733 F.2d at 1072.

14. The moving party also bears the burden of demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See Continental Airlines,* 150 B.R. at 340; *accord Food Mgmt. Group*, 359 B.R. at 561; *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Food Mgmt. Group*, 359 B.R. at 561 (citing *Orion*, 21 F.3d at 27). Nevertheless, a "court's ability to limit the public's right to access remains an

extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *In re Anthracite Capital, Inc.,* 2013 WL 1909026, at *3 (Bankr. S.D.N.Y. May 9, 2013) (quotation omitted).

15. In *Orion Pictures,* 21 F.3d 24 (2d Cir.1994), the court defined commercial information as "information which would cause an 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *See Orion Pictures,* 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. for 10 ½ Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). In that case, the court determined that Section 107(b) applied to a promotional agreement between the debtor and McDonald's, because the information in the agreement, if disclosed, could adversely impact the debtor's ability to negotiate future promotion agreements, thus giving competitors an unfair advantage.

16. Even if a party can successfully demonstrate that some of the evidence may contain material which may be protected under Section 107(b) or Rule 9018, the relief granted should be narrowly tailored. *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).

15. The U.S. Trustee objects to the sealing of the Debtor's equity security holders and customer list. The U.S. Trustee does not believe the Debtors have met their burden to seal such information and request that the Debtors provide evidence to demonstrate that the information they seek to seal is confidential commercial information.

16. This is no ordinary motion to seal because at least some of the information the Debtors seek to seal would appear on their petition, schedules, and statement of financial affairs – the fundamental information in all bankruptcy cases.

## **CONCLUSION**

For the reasons set forth above, the U.S. Trustee respectfully requests that the Court deny the Seal Motion, and grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    ANDREW R. VARA
    ACTING UNITED STATES TRUSTEE
    REGION 3

    By:   /s/ *Benjamin Teich*
          Benjamin Teich
          Trial Attorney

Dated: April 11, 2018