# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

**600 College Road East**
**Princeton, New Jersey 08540**
**Tel: 609-227-4600**
**Fax: 609-227-4646**

One Riverfront Plaza
Newark, NJ 07102
Tel: 973-643-7000
Fax: 973-643-6500

**Valerie A. Hamilton**
Of Counsel
Direct Dial: (609) 227-4608
E-mail: vhamilton@sillscummis.com

101 Park Avenue – 28th Floor
New York, NY 10178
Tel: 212-643-7000
Fax: 212-643-6500

April 22, 2018

*<u>Via CM/ECF and Email</u>*
Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    Princeton Alternative Income Fund, L.P. et al.
             Lead Case No. 18-14603 (MBK)
             Response to Limited Joinder By Sirius Investments SICAV to Motion
             for Appointment of Chapter 11 Trustee

Dear Judge Kaplan:

      As the Court is aware, this firm is proposed counsel for the above-referenced Debtors.

      We write in response to the limited joinder filed by Sirius Investments SICAV ("Sirius") in the motion ("Motion") by Ranger Specialty Income Fund LP ("RSIF"), Ranger Direct Lending Fund Trust ("RDLF") and Ranger Alternative Management II, LP ("RAM") for the appointment of a Chapter 11 trustee for Princeton Alternative Income Fund, L.P. ("PAIF").

      Sirius is a shareholder of Princeton Alternative Income Offshore Fund, Ltd. ("Offshore"). Sirius has no direct stake in either of the Debtors herein. Accordingly, Sirius is not a "party in interest" within the meaning of 11 U.S.C. § 1109 and does not have standing to be heard in connection with these bankruptcy cases. *In re Refco Inc.*, 505 F.3d 109, 119 (2d Cir. 2007) (investors in the creditor of a bankruptcy debtor did not have 'party-in-interest' standing under 11 U.S.C. § 1109(b)); *In re Global Indus. Techs.*, 645 F.3d 201 (3d Cir. 2011) ('party in interest' standing is coextensive with Article III standing); *Shubert v. Geisenberger (In re Ressler)*, 2015 U.S. App. LEXIS 2282 (3d Cir. Feb. 13, 2015) *(*shareholders do not have standing to sue directly for injuries to the corporation).

S ILLS C UMMIS & G ROSS
A P ROFESSIONAL C ORPORATION

Hon. Michael B. Kaplan, U.S.B.J
April 22, 2018
Page 2

    Sirius is not a creditor of or equity holder in PAIF.  Rather, Sirius is an equity holder in non-debtor Offshore.  Because Sirius is not party in interest, it lacks standing to appear in this bankruptcy case, and this Court should disregard the pleading it filed.[1]

                                        Respectfully yours,

                                        */s/ Valerie A. Hamilton*

                                        VALERIE A. HAMILTON

VAH/jt
cc:    Dean C. Waldt, Esq.
        David J. Margules, Esq.
        Timothy D. Katsiff, Esq.
        David A. Horwath, Esq.
        Benjamin Teich, Esq.
        Derek J. Baker, Esq.
        John C. Kilgannon, Esq.
        Ricardo Solano, Jr., Esq.
        George R. Hirsch, Esq.
                (via email)

---

[1] RDLF lacks standing for the same reason, as it is solely an equity holder in Offshore.  RAM also lacks standing as it is neither a creditor of, nor an equity holder in, PAIF.