BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
By:   Dean C. Waldt, Esq.
      David A. Haworth, Esq.
      William P. Reiley, Esq.
      David J. Margules, Esq.*
      Timothy D. Katsiff, Esq.*
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
Telephone: (856) 761-3400
Facsimile: (856) 761-1020
(**Pro Hac Vice*)
Attorneys for Ranger Specialty Income Fund, L.P.,
Ranger Alternative Management, II, L.P., and
Ranger Direct Lending Fund Trust

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Hon. Michael B. Kaplan |
| Princeton Alternative Income Fund, LP, et al., | Lead Case No. 18-14603 (MBK) (Jointly Administered) |
| Debtors-In-Possession. | Chapter 11 |
| | Hearing Date:  October 22, 2018 at 11:00 a.m. |

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Ranger Specialty Income Fund, LP, ("Ranger Domestic") Ranger Direct Lending Fund Trust ("Ranger Offshore"), and Ranger Alternative Management II, LP ("Ranger Management and collectively with Ranger Domestic and Ranger Offshore, "Ranger"), by and through their undersigned counsel, respectfully file this reply to Debtors' Opposition to Motion for Relief From the Automatic Stay ("Debtors' Response")(Dkt. No. 349) and in support of Ranger's Motion (the "Motion")(Dkt. No. 334) for an order granting relief from the automatic stay under Section 362(d) of the United States Bankruptcy Code (the "Bankruptcy Code"), for cause, to

1

allow Ranger to pursue claims against the Feeder Fund[1], including but not limited to injunctive relief, such actions and relief being heretofore barred by the application automatic stay pursuant to a prior Order of this Court under the principles articulated in *McCartney v Integra National Bank North,* 106 F.3d 506 (3d. Cir. 1997). In reply to Debtors Response and in support of the Motion, Ranger respectfully states as follows:

I. **LEGAL ARGUMENT**

    A. **CAUSE EXISTS FOR RELIEF FROM THE AUTOMATIC STAY**

        1. The Arbitration Award determined that Debtors and the Feeder Fund breached their respective contractual obligations to Ranger and also respectively breached their fiduciary duties to Ranger in numerous ways, including the failure to honor Ranger's redemption demands in November 2016, resulting in monetary damages.

        2. In the Feeder Fund Stay Relief Order, this Court held that the automatic stay barred Ranger Offshore from seeking injunctive relief in the Arbitration in the form of an in-kind distribution of the limited partnership interests in PAIF held by the Feeder Fund, which the Feeder Fund acquired with Ranger Offshore's investment funds and held for Ranger Offshore's benefit. This Court expressly based that decision on a finding of "unusual circumstances" in which there exists an identity of interests between a debtor defendant and a non-debtor defendant, as articulated in the case of *McCartney v. Integra National Bank North*, 106 F.3d 506, 509 (3d. Cir. 1997).

        3. In the Feeder Fund Stay Relief Order the Court expressly adopted the rationale expressed in *McCartney*. In *McCartney*, the Third Circuit extended the protection of

---

[1] Capitalized terms used herein not otherwise defined are used as defined in the Motion, which also incorporates terms as defined in the Common Statement of Facts filed by Ranger ("CSF") [Dkt. No. 39] and incorporated herein by reference

the automatic stay to non-debtor party defendants in "unusual circumstances" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor". *Id. at 510,* quoting *A.H. Robbins Co., Inc. v Piccinin,* 788 f.2d 994,999 (4th Cir.), *cert denied,* 479 U.S. 876 (1986).

4. As set forth in the Motion, given the binding adjudication in the Arbitration Award that the Feeder Fund is independently liable to Ranger based on its own breach of contract and breach of fiduciary duty, the rationale of *McCartney* can no longer be applied.

5. Relief from the automatic stay is required to allow Ranger Offshore to seek an order from the Arbitration Panel requiring an in-kind distribution to Ranger Offshore. Such relief is absolutely essential to avoid a manifest injustice to Ranger Offshore and a gross manipulation of the bankruptcy process by Debtors and the Feeder Fund.

6. Debtor's Response makes a number of points which can be addressed briefly in reply:

- The Motion is not a repetition of Ranger's prior motion seeking a determination regarding the application of the automatic stay to the Feeder Fund. That determination was requested and ruled upon by the Court. The pending Motion seeks relief from the automatic stay which was made applicable to the Feeder Fund by the Court's prior decision.

- Debtors repeat the canard that unspecified tax consequences will flow from an in-kind distribution from Princeton Offshore to Ranger Offshore. Debtors offer no legal explanation for this assertion because none exists. Ranger has

3

determined that no adverse tax consequences will result from such a distribution. Debtors' assertion to the contrary is a bald and baseless allegation without support.

- Debtors and the Feeder Fund area subject to the Arbitration Award. As to the Debtors, collateral estoppel applies. As to the Feeder Fund, it is not a debtor in this case and there is no need to invoke any preclusion doctrine. The Feeder Fund is directly liable to Ranger, but absent stay relief (or the administration of Ranger's claims against the Feeder Fund in the Bankruptcy Cases) Ranger is left without a remedy as to that direct liability. That is exactly the result the Debtors seek.

- Debtors decry the fact that granting stay relief will allow Ranger Offshore to pursue remedies against the Feeder Fund which will impact the Bankruptcy Cases. Of course, this argument highlights the disingenuous self-contradictory position taken by Debtors that while the Feeder Fund is a single enterprise with the Debtors for purposes of gaining and retaining the protection of the automatic stay, it is transformed into a totally separate enterprise for purposes of administering claims against it in the Bankruptcy Cases.

- Debtors are correct that granting stay relief to Ranger Offshore will allow Ranger Offshore to seek an order from the Arbitration Panel requiring the Feeder Fund to make an in-kind distribution to Ranger Offshore of the limited partnership interests in PAIF obtained with Ranger Offshore's funds and presently held by the Feeder Fund for the benefit of Ranger Offshore.

- Debtors are also correct that if this occurs, then the Feeder Fund can no longer deploy those limited partnership interests in PAIF to benefit its MicroBilt managers rather than to benefit Ranger Offshore, the party to whom its owes a fiduciary duty and as to which duty it is in adjudicated breach.

- Debtors are also correct that if stay relief is granted to Ranger Offshore, the Debtors and the Feeder Fund could no longer manipulate the bankruptcy process to block Ranger Offshore from any remedy for the Feeder Fund's adjudicated breaches of contract and fiduciary duty, which would thwart the use of the Bankruptcy Cases for the sole benefit non-debtor insiders.

- Debtor is correct on all these points. What is incredible is that Debtors actually argue that this Court should aid them in this blatant manipulation of the bankruptcy process to further harm parties to whom fiduciary duties are owed and have been breached so that non-debtor insiders can continue to profit.

## II. CONCLUSION

As requested in the Motion, to the extent the Court rules that the claims and interests of Ranger Offshore against the Feeder Fund cannot be asserted directly as claims and interests against PAIF in the Bankruptcy Cases but rather must be asserted directly against the Feeder Fund, then Ranger respectfully requests that the Court issue an order granting Ranger relief from the automatic stay for cause under § 362(d) of the Bankruptcy Code (i) allowing Ranger to pursue any and all claims in the Arbitration, or otherwise, against the Feeder Fund and/or the assets of the Feeder Fund, including injunctive relief and confirmation and enforcement of the existing Arbitration Award against the Feeder Fund, and (ii) waiving the 14 day period under

Fed.R.Bankr. P. 4001(a)(3) for cause and: (iii) granting such further and other relief as the Court deems just and equitable.

Dated: October 18, 2018

Respectfully submitted,

*/s/ Dean Waldt*
Dean C. Waldt, Esq.
David J. Haworth
William P. Reiley
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
Telephone: (856) 761-3400
Facsimile: (856) 761-1020
E-mail: waldtd@ballardspahr.com
E-mail: haworthd@ballardspahr.com
E-mail: reileyw@ballardspahr.com

and

David J. Margules*
BALLARD SPAHR LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4432
Facsimile: (302) 252-4466
E-mail: Margulesd@ballardspahr.com
(*ptr *Pro Hac Vice*)

and

Timothy D. Katsiff*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-9762
E-mail: katsifft@ballardspahr.com
(*Pro Hac Vice*)

Attorneys for Ranger Specialty Income Fund, L.P., Ranger Alternative Management, II, L.P., and Ranger Direct Lending Fund Trust