Order Filed on January 13, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| WOLLMUTH MAHER & DEUTSCH LLP<br>51 JFK Parkway, First Floor West<br>Short Hills, New Jersey 07078<br> - and -<br>500 Fifth Avenue<br>New York, New York 10110<br>Tel: (212) 382-3300<br>Paul R. DeFilippo<br>James N. Lawlor<br>*Counsel for Matthew Cantor, Chapter 11 Trustee* | |

| | | |
|---|---|---|
| In Re:<br><br>PRINCETON ALTERNATIVE INVESTMENT FUND, LP, et al.,[1]<br><br>Debtors. | Case No.:<br><br>Judge:<br><br>Chapter 11 | 18-14603 (MBK)<br><br>Michael B. Kaplan |

### ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE STATEMENTS FOR TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C § 1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN AND FOR THE DEADLINES TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D) APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

The relief set forth on the following pages, numbered two (2) through nine (8), is hereby **ORDERED**.

**DATED: January 13, 2020**

Michael B. Kaplan

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page (2)
Debtors: Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order:  ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE HEARING TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

Upon the motion (the "Motion") of Matthew Cantor, as Chapter 11 Trustee (the

"Trustee") for the above-captioned debtors (the "Debtors"), for an entry of an order (the

"Order") (a) approving the adequacy of the Trustee's disclosure statement (as may be amended,

modified or supplemented from time to time, collectively, the "Disclosure Statement") for the

Trustee's Joint Chapter 11 Plan of Reorganization (as may be amended, modified or

supplemented from time to time, collectively, the "Plan") under Chapter 11 of the United States

Bankruptcy Code ("the "Bankruptcy Code"), each filed contemporaneously with the Motion

pursuant to Section 1125 of the Bankruptcy Code, (b) approving the form of ballots (each a

"Ballot" and, collectively, the "Ballots") and requirements for voting on the Plan, (c) fixing a

date for the hearing for confirmation of the Plan (the "Confirmation Hearing") and for the

deadlines for objecting and for voting to accept or reject the Plan, (d) approving the form and

manner of notice of the Confirmation Hearing and the deadlines for objecting and for voting to

accept or reject the Plan (the "Confirmation Hearing Notice"), (e) approving use of the Net

Investment Method to calculate Net Equity to tabulate investor votes on the Plan, (f) allowing the

Ranger Claim for purposes of voting on the Plan, and (g) appointing Trustee's counsel as the

person responsible for receiving and tabulating Ballots, all as more fully set forth in the Motion,

and the Court having jurisdiction to consider the Motion and the relief requested therein; and it

appearing that the relief requested by the Motion is necessary and in the best interests of the

Page (3)
Debtors:  Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order:  ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE HEARING TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

Debtor, its estate, and its creditors; and due notice of the Motion having been served; and after

due deliberation and sufficient cause appearing therefore,

It is **ORDERED** that:

1.      The Motion is hereby granted.

2.      The Disclosure Statement contains adequate information within the meaning of

Section 1125 of the Bankruptcy Code and is hereby approved.

3.      The form of Ballots attached as Exhibit A hereto adequately address the particular

needs of these Chapter 11 cases, are appropriate for the classes of claims entitled to vote to

accept or reject the Plan and are hereby approved.

4.      Within three (3) business days after the date hereof, the Trustee shall mail

solicitation packages (the "Solicitation Packages") containing a copy of (A) this Order, (B) a

Ballot attached as Exhibit A to the Order, and (C) the Confirmation Hearing Notice in the form

attached as Exhibit B to the Order, together with a return envelope and the Disclosure Statement

(together with the Plan appended to the Solicitation Package) to (a) all persons or entities

identified in the Debtors' Schedules, and all amendments and modifications thereto, and list of

equity security holders (the "Schedules") as holding liquidated, noncontingent and undisputed

claims, in an amount greater than zero, (b) all parties having filed proofs of claim or interests in

an amount greater than zero or notices of transfers of claims in the Debtors' Chapter 11 cases, (c)

any other known holders of claims against or interest in the Debtors in an amount greater than

Debtors:  Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order:  ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE DEADLINES TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

zero as of the Record Date, (d) all parties to executory contracts or leases that have not yet been

assumed or rejected; (e) the Office of the United States Trustee (the "UST"), and (f) the

Securities and Exchange Commission.

5.      With respect to addresses for which Disclosure Statement Notices were returned

as undeliverable, the Trustee is excused from mailing Solicitation Packages to those entities

listed at such addresses unless the Trustee is provided with accurate addresses for such entities

before the Solicitation Date.  The failure to mail Solicitation Packages to such entities that are

described above will not constitute inadequate notice of the Confirmation Hearing or the Voting

Deadline nor constitute a violation of Bankruptcy Rule 3017(d).

6.      All Ballots must be properly executed, completed, and returned to:

> c/o James N. Lawlor, Esq.
> WOLLMUTH MAHER & DEUTSCH LLP
> 500 Fifth Avenue
> New York, New York 10110
> Tel: (212) 382-3300

(i) by first-class mail, in the return envelope provided with each Ballot, (ii) by overnight courier,

or (iii) by personal delivery, so that they are received by the Trustee no later than _____,

2019, at 5:00 p.m., prevailing Eastern Standard Time (the "Voting Deadline").  The period

during which the Trustee may solicit acceptances to the Plan is a reasonable period of time for

creditors to make an informed decision whether to accept or reject the Plan.

Debtors:  Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order:  ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE DEADLINES TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

7.      Solely for purposes of voting to accept or reject the Plan and not for the purpose

of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of

the Debtors in any other context, each claim within a class of claims entitled to vote to accept or

reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set

forth in the Schedules, provided that:

a.      if a claim for which a proof of claim has been timely filed is marked as, or

is by its terms, contingent, unliquidated or disputed on its face, or the claim for which a proof of

claim has been timely filed is listed as contingent, unliquidated or disputed on the Schedules,

either in whole or in part, such claim shall be temporarily disallowed for voting purposes;

b.      if a claim has been estimated or otherwise allowed for voting purposes by

order of the Court, such claim shall be temporarily allowed in the amount so estimated or

allowed by the Court;

c.      if Holders of multiple claims in the same Class submit Ballots, they will

be treated as a single voting creditor for determining satisfaction of the Numerosity Requirement

(as defined in the Motion); and

d.      if an individual files a claim covering the same claim filed by a class,

association or other representative, only the class representative, association or other purported

representative shall be entitled to vote and the individual claim shall be disallowed for voting

purposes.

Page (6)
Debtors:  Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order:  ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE DEADLINES TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

8.      Any creditor seeking to challenge the disallowance of its claim for voting purposes in accordance with the procedures set forth herein must serve on the Trustee and file with the Court a motion for an Order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the seventh (7th) day after the later of (a) the date of service of the Confirmation Hearing Notice and (b) the date of service of an objection or request for estimation, if any, as to such claim. As to any creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily allowed for voting purposes after notice and a hearing by an order entered by the Court at least seven (7) days prior to the Voting Deadline.

9.      Pursuant to Bankruptcy Rule 3018(a), the Ranger Claims (as defined in the Motion) against the Debtors is allowed for purposes of voting on the Plan.

10.     Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its claim or interest.

11.     Creditors must vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their vote(s), and a Ballot that partially rejects and partially accepts the Plan shall be counted as an acceptance of the Plan.

12.     Any Ballot that is properly completed, executed, and timely returned to the Trustee, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall be deemed to accept the Plan.

Page (7)
Debtors: Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order: ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE DEADLINES TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

13.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline unless the Trustee shall have granted an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any Ballot cast for a claim identified as unliquidated, contingent or disputed for which no proof of claim was timely filed; (e) any unsigned Ballot; (f) any Ballot transmitted by Telecopier or other electronic means, unless the Trustee in writing and on notice to the Committee waive this requirement and accept alternate means of transmission or delivery of any Ballot.

14.     The Net Investment Method of valuation (as defined in the Motion) may be used to tabulate votes on the Plan in the absence of reliable Capital Accounts (as defined in the Motion).

15.     The Trustee is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to their mailing.

Page (8)
Debtors: Princeton Alternative Income Fund, LP and Princeton Alternative Funding, LLC
Case No.: 18-14603 (MBK)
Caption of Order: ORDER (A) APPROVING THE ADEQUACY OF TRUSTEE'S DISCLOSURE
STATEMENTS FOR DEBTORS' CHAPTER 11 REORGANIZATION PLAN PURSUANT TO 11 U.S.C §
1125, (B) APPROVING THE FORM OF BALLOTS AND REQUIREMENTS FOR VOTING ON
TRUSTEE'S PLAN, (C) FIXING A DATE FOR THE HEARING FOR CONFIRMATION OF THE PLAN
AND FOR THE DEADLINES TO OBJECT AND TO ACCEPT OR REJECT THE PLAN, (D)
APPROVING THE FORM AND MANNER OF NOTICE OF THE PLAN CONFIRMATION HEARING
AND THE DEADLINES TO OBJECT AND TO ACCEPT THE PLAN, (E) APPROVING USE OF THE
NET INVESTMENT METHOD OF VALUATION, (F) ALLOWING THE RANGER CLAIM FOR
PURPOSES OF VOTING ON THE PLAN, AND (G) APPOINTING TRUSTEE'S COUNSEL AS THE
PERSON RESPONSIBLE FOR RECEIVING AND TABULATING BALLOTS

16.     Trustee's counsel is designated the Person responsible for receipt and tabulation of Ballots, and submission of a Balloting report in advance of the Confirmation Hearing.

17.     The last day to file and serve written objections to the Disclosure Statement is _____ __, 2019, at _____.

18.     The giving of notice in accordance herewith shall constitute good and sufficient notice to all parties in interest and no other or further notice need be provided.

19.     A hearing will be held on the ____ day of _____, 2019, at _____ , or as soon thereafter as counsel may be heard (the "Confirmation Hearing") for confirmation of the Plan, before The Honorable Matthew B. Kaplan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.

20.     Within seven (7) days after entry of this Order, the Trustee shall serve a copy of the Motion, this Order, the Notice and the Plan and Disclosure Statement upon all parties having filed a notice of appearance in this case, the Office of the UST, all equity security holders and the Securities and Exchange Commission.

21.     The Trustee is authorized, in its sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

# EXHIBIT A

# PAF Class 2 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, ET AL.,<br><br>DEBTORS. | CASE NO. 18-14603 (MBK)<br>(ADMINISTRATIVELY CONSOLIDATED)<br><br>CHAPTER 11 |

### PAF CLASS 2 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Funding, LLC, a Delaware limited liability company, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in PAF Class 2 under the Plan as a "General Unsecured Claim," which is defined under the Plan as, in sum, a Claim that is not an administrative expense claim, priority claim, priority tax claim or intercompany claim, and pursuant to the Plan, if allowed, shall receive a Pro Rata share of Class B Certificates with a value on the Effective Date, equal to the net value of PAF's assets after deduction for PAF's allocable share of Professional Fees, as determined by the Court, and payment in full of Priority Tax Claims and Priority Claims against PAF. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 p.m. (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAF Class 2 General Unsecured Claim in the Debtor PAF in the amount of _____.

(Check one box only)

[__] ACCEPTS THE PLAN                    [__] REJECTS THE PLAN

Dated:  _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

1

# PAF Class 3 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

---

IN RE:

PRINCETON ALTERNATIVE INCOME FUND, LP, ET
AL.,

DEBTORS.

CASE NO. 18-14603 (MBK)
(ADMINISTRATIVELY CONSOLIDATED)

CHAPTER 11

---

### PAF CLASS 3 BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Funding, LLC, a Delaware limited liability company, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in PAF Class 3 under the Plan as a "Ranger Claims," which is defined under the Plan as, in sum, a Claim that is filed by Ranger Offshore and Ranger Onshore, and pursuant to the Plan, if allowed, shall be treated in accordance with the Ranger Settlement, which generally provides for allowance of a $2.5 million Claim in favor of the Ranger Entities to be paid on the Effective Date, payment to Ranger of the Cash in the Argon Side Pocket, and conversion of Ranger's unsecured claims to Limited Partner Interests in PAIF calculated according to the Net Equity Method. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAF Class 3 Ranger Claim in the Debtor PAF in the amount of _____.

(Check one box only)

[__] ACCEPTS THE PLAN                    [__] REJECTS THE PLAN

Dated:  _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

1

# PAF Class 4 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, ET AL.,<br><br>DEBTORS. | CASE NO. 18-14603 (MBK)<br>(ADMINISTRATIVELY CONSOLIDATED)<br><br>CHAPTER 11 |

### PAF CLASS 4 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Funding, LLC, a Delaware limited liability company, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in PAF Class 4 under the Plan as an "Intercompany Claim," which is defined under the Plan as, in sum, a Claim that is filed by PAIF against PAF, and pursuant to the Plan, if allowed, shall be netted and offset against the Allowed Intercompany Claims of PAF against PAIF. The net amount of PAIF's Intercompany Claim against PAF, if any, shall receive Class B Certificates with a value on the Effective Date equal to the Allowed amount of such Claim. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAF Class 4 Intercompany Claim in the Debtor PAF in the amount of _____.

(Check one box only)

[__] ACCEPTS THE PLAN                    [__] REJECTS THE PLAN

Dated:  _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

1

# PAIF Class 2 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, ET AL.,<br><br>DEBTORS. | CASE NO. 18-14603 (MBK)<br>(ADMINISTRATIVELY CONSOLIDATED)<br><br>CHAPTER 11 |

### PAIF CLASS 2 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Income Fund, LP, a Delaware limited partnership, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in PAIF Class 2 under the Plan as a "General Unsecured Claim," which is defined under the Plan as, in sum, a Claim that is not an administrative expense claim, priority claim, priority tax claim or intercompany claim, and pursuant to the Plan, if allowed, shall receive Class A Certificates, with a value as of the Effective Date, equal to the Allowed amount of such Claim. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 p.m. (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAIF Class 2 General Unsecured Claim in the Debtor PAIF in the amount of _____.

      (Check one box only)

[__] ACCEPTS THE PLAN            [__] REJECTS THE PLAN

Dated: _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

1

# PAIF Class 3 Ballot

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Bᴀɴᴋʀᴜᴘᴛᴄʏ Cᴏᴜʀᴛ
ғᴏʀ ᴛʜᴇ Dɪsᴛʀɪᴄᴛ ᴏғ Nᴇᴡ Jᴇʀsᴇʏ

|  |  |
|---|---|
| Iɴ ʀᴇ:<br><br>Pʀɪɴᴄᴇᴛᴏɴ Aʟᴛᴇʀɴᴀᴛɪᴠᴇ Iɴᴄᴏᴍᴇ Fᴜɴᴅ, LP, ᴇᴛ ᴀʟ.,<br><br>Dᴇʙᴛᴏʀs. | Cᴀsᴇ Nᴏ. 18-14603 (MBK)<br>(Aᴅᴍɪɴɪsᴛʀᴀᴛɪᴠᴇʟʏ Cᴏɴsᴏʟɪᴅᴀᴛᴇᴅ)<br><br>Cʜᴀᴘᴛᴇʀ 11 |

### PAIF CLASS 3 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Income Fund, LP, a Delaware limited partnership, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in PAIF Class 3 under the Plan as a "Ranger Claims," which is defined under the Plan as, in sum, a Claim that is filed by Ranger Offshore and Ranger Onshore, and pursuant to the Plan, if allowed, shall be treated in accordance with the Ranger Settlement, which generally provides for allowance of a $2.5 million Claim in favor of the Ranger Entities to be paid on the Effective Date, payment to Ranger of the Cash in the Argon Side Pocket, and conversion of Ranger's unsecured claims to Limited Partner Interests in PAIF calculated according to the Net Equity Method.  If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 p.m. (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAIF Class 3 Ranger Claim in the Debtor PAIF in the amount of _____.

(Check one box only)

[__] ACCEPTS THE PLAN                          [__] REJECTS THE PLAN

Dated:  _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

# PAIF Class 4 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, ET AL.,<br><br>DEBTORS. | CASE NO. 18-14603 (MBK)<br>(ADMINISTRATIVELY CONSOLIDATED)<br><br>CHAPTER 11 |

### PAIF CLASS 4 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Income Fund, LP, a Delaware limited partnership, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in PAIF Class 4 under the Plan as an "Intercompany Claim," which is defined under the Plan as, in sum, a Claim that is filed by PAF against PAIF, and pursuant to the Plan, if allowed, shall be netted and offset against the Allowed Intercompany Claims of PAIF against PAF, and the net amount of PAF's Intercompany Claims against PAIF shall receive Class A Certificates with a value as of the Effective Date equal to the Allowed amount of such Claim. The PAIF Liquidating Trust shall apply all amounts distributable on account of Class A Certificates held by PAF to payment of Allowed General Unsecured Claims against PAF. After all Allowed General Unsecured Claims against PAF have been paid in full, all remaining Class A certificates issued to PAF shall be cancelled and shall be of no further force or effect. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 p.m. (New York City time) (the "Voting Deadline"), and such deadline is not extended by**

**the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAIF Class 4 Intercompany Claim in the Debtor PAIF in the amount of _____.

(Check one box only)

[__] ACCEPTS THE PLAN                    [__] REJECTS THE PLAN

Dated:  _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

1

# PAIF Class 5 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, ET AL.,<br><br>DEBTORS. | CASE NO. 18-14603 (MBK)<br>(ADMINISTRATIVELY CONSOLIDATED)<br><br>CHAPTER 11 |

### PAIF CLASS 5 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Income Fund, LP, a Delaware limited partnership, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your interest has been placed in PAIF Class 5 under the Plan as a "Limited Partner Interest," which is defined under the Plan as, in sum, a limited partnership interest in the Debtor PAIF, and pursuant to the Plan, if allowed, shall receive a Pro Rata share of Class C Certificates. Participating Investors who are members of this class shall also receive their Pro Rata share of Class D Certificates. Only Holders of Class D Certificates will share pro rata in any net proceeds obtained by the PAIF Liquidating Trustee with respect to the assigned Limited Partner Causes of Action. Non-Participating Investors shall have no right to receive any Class D Certificates. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 p.m. (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAIF Class 5 Limited Partner Interest in the Debtor PAIF in the amount of _____.

      (Check one box only)

      [__] ACCEPTS THE PLAN            [__] REJECTS THE PLAN

Dated: _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

# PAIF Class 6 Ballot

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, ET AL.,<br><br>DEBTORS. | CASE NO. 18-14603 (MBK)<br>(ADMINISTRATIVELY CONSOLIDATED)<br><br>CHAPTER 11 |

### PAIF CLASS 6 BALLOT FOR ACCEPTING OR REJECTING TRUSTEE'S JOINT CHAPTER 11 PLAN OF REORGANIZATION

Princeton Alternative Income Fund, LP, a Delaware limited partnership, a debtor in the above-captioned matter (alternatively, the "Debtor" or the "Proponent") filed a plan of reorganization dated April 19, 2019 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a copy of the Disclosure Statement, you may obtain copies of the Disclosure Statement, as well as the Plan and any pleadings filed in this case, on the Court's Internet Website - http://www.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement may also be obtained by written request to the Debtors' counsel at Wollmuth Maher & Deutsch LLP, Attn: James N. Lawlor, 500 Fifth Avenue, New York, NY 10110, Phone: 212-382-3300, Fax: 212-382-0500, Email: jlawlor@wmd-law.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your interest has been placed in the Plan as a "PAIF Class 6 under the Plan as a "General Partner Interest," which is defined under the Plan as, in sum, a general partnership interest in the Debtor PAIF, and pursuant to the Plan, if allowed, shall receive Class A-1 Certificates with a value as of the Effective Date equal to the amount which the Holder of Interests in this Class would be entitled to receive on liquidation of PAIF under Article IX of the PAIF Limited Partnership Agreement. Any distributions on account of such Class A-1 Certificates which are not required to pay Allowed General Unsecured Claims against PAF shall be cancelled and shall be of no further force or effect. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not actually received by Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NY 10110 Attn: James N. Lawlor on or before _____, at 5:00 p.m. (New York City time) (the "Voting Deadline"), and such deadline is not extended by the Bankruptcy Court in this case, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a PAIF Class 5 Limited Partner Interest in the Debtor PAIF in the amount of _____.

(Check one box only)

[__] ACCEPTS THE PLAN                    [__] REJECTS THE PLAN

Dated: _____

Print or type name: _____
Signature:_____
Title (if corporation or
partnership):_____
Address:_____
_____

RETURN THIS BALLOT TO:

Wollmuth Maher & Deutsch LLP,
500 Fifth Avenue,
New York, NY 10110
Attn: James N. Lawlor

1

# EXHIBIT B

SCH LLP
51 JFK Parkway
First Floor West
Short Hills, New Jersey 07078
  - and -
500 Fifth Avenue
New York, New York 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com

*Counsel for Matthew Cantor, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------x
                                                        :
In re:                                                  :        Case No: 18-14603 (MBK)
                                                        :
PRINCETON ALTERNATIVE INCOME FUND,                      :        Chapter 11
LP, et al.,                                             :
                                                        :
                    Debtors.                            :
-----------------------------------------------------------------x

**NOTICE OF HEARING FOR CONFIRMATION OF DEBTORS' LIQUIDATING PLAN
OF REORGANIZATION UNDER CHAPTER 11 AND DEADLINES FOR VOTING TO
ACCEPT OR REJECT TRUSTEE'S JOINT CHAPTER 11 PLAN OF
REORGANIZATION**

**TO:    ALL PERSONS AND ENTITIES WITH INTERESTS IN
        PRINCETON ALTERNATIVE INCOME FUND, L.P.
        AND/OR PRINCETON ALTERNATIVE FUNDING, LLC**

        **PLEASE TAKE NOTICE THAT** a hearing for confirmation (the "Confirmation

Hearing") of proposed Trustee's Joint Chapter 11 Plan of Reorganization dated April 19, 2019

(the "Plan") and an accompanying Disclosure Statement pursuant to 11 U.S.C. § 1125 for

Debtors' Liquidating Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated

April 19, 2019 (the "Disclosure Statement") filed by Matthew Cantor, as Chapter 11 Trustee (the

"Trustee") for the above-captioned debtors (the "Debtors"), will be held on the _____ day of

_____, 2019, at _____ ,m. or as soon thereafter as counsel may be heard, before The

Honorable Matthew B. Kaplan, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse,

402 East State Street, Trenton, New Jersey 08608 (the "Court") pursuant to the enclosed Order,

Signed on _____, 2019, (a) Approving the adequacy of the Trustee's Disclosure Statement for

the Plan under Chapter 11 of the United States Bankruptcy Code, each filed contemporaneously

with the Motion pursuant to Section 1125 of the Bankruptcy Code, (b) approving the form of

Ballots and requirements for voting on the Plan, (c) fixing a date for the Confirmation Hearing,

and for the deadlines for objecting and for voting to accept or reject the Plan, (d) approving the

form and manner of notice of the Confirmation Hearing and the deadlines for objecting and for

voting to accept or reject the Plan, (e) approving use of the Net Investment Method to calculate

Net Equity to tabulate investor votes on the Plan, (f) allowing the Ranger Claim for purposes of

voting on the Plan, and (g) appointing Trustee's counsel as the person responsible for receiving

and tabulating Ballots (the "Disclosure Statement Order"). Please be advised that the

Confirmation Hearing may be continued from time to time by the Court or the Trustee without

further notice other than by such adjournment being announced in open court or by a notice of

adjournment filed with the Court and served on the list of all parties required to be notified under

the Bankruptcy Rules and other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** in order to be counted, Ballots accepting or

rejecting the Plans must be executed by the holder of the Claim or Interest voting and be received by

Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110 attn: James N.

Lawlor, by no later than **5:00 pm EST on _____ _, 2019 (the "Voting Deadline")**.

2

**PLEASE TAKE FURTHER NOTICE THAT** all objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection to the Plan, and (d) be filed, together with proof of service, with the Court and served so that they are received by (i) the Clerk of the Court, (ii) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn: James N. Lawlor, counsel to the Trustee, and (iii) the UST at the addresses set forth in the Confirmation Hearing Notice, no later than seven (7) days before the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan and copies of the Disclosure Statement, as well as and any pleadings filed in this case, can be obtained on the Court's Internet Website - http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center - http://www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and the Plan may also be obtained by written request to the Trustee's counsel at Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn: James N. Lawlor, Phone: 212-382-3300, Fax: 212-382-0050, Email: jlawlor@wmd-law.com

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 18-14603-MBK
Princeton Alternative Income Fund, LP                           Chapter 11
          Debtor
                          **CERTIFICATE OF NOTICE**

District/off: 0312-3          User: admin            Page 1 of 4          Date Rcvd: Jan 13, 2020
                             Form ID: pdf903         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 15, 2020.
db              +Princeton Alternative Income Fund, LP,   100 Canal Pointe Blvd,   Ste 208,
                 Princeton, NJ 08540-7169
aty             +Sills Cummis & Gross, P.C.,   650 College Road East,   Princeton, NJ 08540-6603

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                             TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 15, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 13, 2020 at the address(es) listed below:
          Albert A. Ciardi, III   on behalf of Interested Party   Balance Credit 2 SPV, LLC
           aciardi@ciardilaw.com,
           sfrizlen@ciardilaw.com;dtorres@ciardilaw.com;jcranston@ciardilaw.com;aaecf-pa@ciardilaw.com
          Albert A. Ciardi, III   on behalf of Interested Party   SunUp Financial, LLC
           aciardi@ciardilaw.com,
           sfrizlen@ciardilaw.com;dtorres@ciardilaw.com;jcranston@ciardilaw.com;aaecf-pa@ciardilaw.com
          Albert A. Ciardi, III   on behalf of Interested Party   Braviant Holdings, LLC
           aciardi@ciardilaw.com,
           sfrizlen@ciardilaw.com;dtorres@ciardilaw.com;jcranston@ciardilaw.com;aaecf-pa@ciardilaw.com
          Amy Elizabeth Vulpio   on behalf of Interested Party   Endurance American Insurance Company
           vulpioa@whiteandwilliams.com
          Andreas Milliaressis   on behalf of Interested Party   Shinnecock Income Fund, LP
           adm@stevenslee.com
          Andreas Milliaressis   on behalf of Interested Party   Covenant Strategic Income Fund Series
           Interests of the SALI Multi-Series Fund II 3(c)(1), LP adm@stevenslee.com
          Angelo Anthony Stio, III   on behalf of Defendant   MICROBILT CORPORATION stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Defendant Alonzo J. Primus stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Defendant   Princeton Alternative Funding, LLC f/k/a
           Microbilt Capital Funding, LLC stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Defendant Philip N. Burgess stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Spec. Counsel   Pepper Hamilton LLP stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Plaintiff   Fund Recovery Services, LLC
           stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Interested Party   Pepper Hamilton LLP stioa@pepperlaw.com
          Angelo Anthony Stio, III   on behalf of Defendant   Microbilt Financial Services Corporation
           stioa@pepperlaw.com
          Arthur Abramowitz   on behalf of Defendant   Princeton Alternative Funding Management LLC
           aabramowitz@shermansilverstein.com,  jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Arthur Abramowitz   on behalf of Defendant Walter  Wojciechowski
           aabramowitz@shermansilverstein.com,  jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Arthur Abramowitz   on behalf of Defendant John "Jack"  Cook aabramowitz@shermansilverstein.com,
           jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Arthur Abramowitz   on behalf of Attorney Arthur J. Abramowitz
           aabramowitz@shermansilverstein.com,  jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Arthur Abramowitz   on behalf of Defendant Alonzo J. Primus aabramowitz@shermansilverstein.com,
           jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Arthur Abramowitz   on behalf of Debtor   Princeton Alternative Funding LLC
           aabramowitz@shermansilverstein.com,  jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Arthur Abramowitz   on behalf of Debtor   Princeton Alternative Income Fund, LP
           aabramowitz@shermansilverstein.com,  jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com

District/off: 0312-3          User: admin              Page 2 of 4              Date Rcvd: Jan 13, 2020
                             Form ID: pdf903           Total Noticed: 2

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Arthur  Abramowitz   on behalf of Interested Party   MicroBilt Corporation
           aabramowitz@shermansilverstein.com, jbaugh@shermansilverstein.com;mmorris@shermansilverstein.com
          Benjamin  Teich   on behalf of U.S. Trustee   U.S. Trustee Benjamin.Teich@usdoj.gov
          Brian Martin Schenker   on behalf of Interested Party   MicroBilt Corporation
           bschenker@reedsmith.com
          Bruce S. Luckman   on behalf of Defendant Walter  Wojciechowski bluckman@shermansilverstein.com,
           jbaugh@shermansilverstein.com;bsluckman@gmail.com
          Bruce S. Luckman   on behalf of Interested Party   MicroBilt Corporation
           bluckman@shermansilverstein.com,  jbaugh@shermansilverstein.com;bsluckman@gmail.com
          Bruce S. Luckman   on behalf of Defendant   Princeton Alternative Funding Management LLC
           bluckman@shermansilverstein.com,  jbaugh@shermansilverstein.com;bsluckman@gmail.com
          Bruce S. Luckman   on behalf of Defendant Alonzo J. Primus bluckman@shermansilverstein.com,
           jbaugh@shermansilverstein.com;bsluckman@gmail.com
          Bruce S. Luckman   on behalf of Debtor   Princeton Alternative Income Fund, LP
           bluckman@shermansilverstein.com,  jbaugh@shermansilverstein.com;bsluckman@gmail.com
          Bruce S. Luckman   on behalf of Debtor   Princeton Alternative Funding LLC
           bluckman@shermansilverstein.com,  jbaugh@shermansilverstein.com;bsluckman@gmail.com
          Bruce S. Luckman   on behalf of Defendant John "Jack"  Cook bluckman@shermansilverstein.com,
           jbaugh@shermansilverstein.com;bsluckman@gmail.com
          David A. Haworth   on behalf of Creditor   Ranger Direct Lending Fund Trust
           haworthd@ballardspahr.com,  sharpm@ballardspahr.com
          David A. Haworth   on behalf of Creditor   Ranger Specialty Income Fund, L.P.
           haworthd@ballardspahr.com,  sharpm@ballardspahr.com
          David A. Haworth   on behalf of Creditor   Ranger Alternative Management, II, L.P.
           haworthd@ballardspahr.com,  sharpm@ballardspahr.com
          Dean C. Waldt   on behalf of Creditor   Ranger Specialty Income Fund, L.P.
           waldtd@ballardspahr.com,
           hartt@ballardspahr.com;morganv@ballardspahr.com;KatsiffT@ballardspahr.com;digiacomom@ballardspahr
           .com
          Dean C. Waldt   on behalf of Creditor   Ranger Alternative Management, II, L.P.
           waldtd@ballardspahr.com,
           hartt@ballardspahr.com;morganv@ballardspahr.com;KatsiffT@ballardspahr.com;digiacomom@ballardspahr
           .com
          Dean C. Waldt   on behalf of Other Prof.   Ballard Spahr LLP waldtd@ballardspahr.com,
           hartt@ballardspahr.com;morganv@ballardspahr.com;KatsiffT@ballardspahr.com;digiacomom@ballardspahr
           .com
          Dean C. Waldt   on behalf of Creditor   Ranger Direct Lending Fund Trust waldtd@ballardspahr.com,
           hartt@ballardspahr.com;morganv@ballardspahr.com;KatsiffT@ballardspahr.com;digiacomom@ballardspahr
           .com
          Derek J. Baker   on behalf of Interested Party   Microbilt Financial Services Corporation
           dbaker@reedsmith.com
          Derek J. Baker   on behalf of Defendant Philip N. Burgess dbaker@reedsmith.com
          Derek J. Baker   on behalf of Interested Party Alonzo J. Primus dbaker@reedsmith.com
          Derek J. Baker   on behalf of Creditor   Westminster National Capital Co., LLC
           dbaker@reedsmith.com
          Derek J. Baker   on behalf of Defendant   Microbilt Financial Services Corporation
           dbaker@reedsmith.com
          Derek J. Baker   on behalf of Defendant   MicroBilt Corporation dbaker@reedsmith.com
          Derek J. Baker   on behalf of Defendant   LJP Consulting LLC dbaker@reedsmith.com
          Derek J. Baker   on behalf of Unknown Role Type   Reed Smith LLP dbaker@reedsmith.com
          Derek J. Baker   on behalf of Defendant   Rosebud Mangement, LLC dbaker@reedsmith.com
          Derek J. Baker   on behalf of Interested Party Philip N. Burgess dbaker@reedsmith.com
          Derek J. Baker   on behalf of Interested Party   LJP Consulting LLC dbaker@reedsmith.com
          Derek J. Baker   on behalf of Interested Party Walter  Wojciechowski dbaker@reedsmith.com
          Derek J. Baker   on behalf of Interested Party   MicroBilt Corporation dbaker@reedsmith.com
          Francis  Lawall   on behalf of Interested Party   Pepper Hamilton LLP lawallf@pepperlaw.com,
           henrys@pepperlaw.com
          George R. Hirsch   on behalf of Attorney   Sills Cummis & Gross, P.C ghirsch@sillscummis.com,
           mdelgiudice@sillscummis.com
          George R. Hirsch   on behalf of Debtor   Princeton Alternative Income Fund, LP
           ghirsch@sillscummis.com,  mdelgiudice@sillscummis.com
          George R. Hirsch   on behalf of Debtor   Princeton Alternative Funding LLC
           ghirsch@sillscummis.com,  mdelgiudice@sillscummis.com
          Gerald  Krovatin   on behalf of Plaintiff   Princeton Alternative Funding, LLC
           gkrovatin@krovatin.com
          Gerald  Krovatin   on behalf of Plaintiff   Rosebud Mangement, LLC gkrovatin@krovatin.com
          Gerald  Krovatin   on behalf of Plaintiff   Microbilt Financial Services Corporation
           gkrovatin@krovatin.com
          Gerald  Krovatin   on behalf of Plaintiff   MicroBilt Corporation gkrovatin@krovatin.com
          Gerald  Krovatin   on behalf of Plaintiff   Princeton Alternative Income Fund, LP
           gkrovatin@krovatin.com
          Herve  Gouraige   on behalf of Debtor   Princeton Alternative Income Fund, LP
           hgouraige@sillscummis.com
          James N. Lawlor   on behalf of Plaintiff   Matthew Cantor, as Chapter 11 Trustee for Princeton
           Alternative Income Fund, lP, et al. jlawlor@wmd-law.com, jgiampolo@wmd-law.com
          James N. Lawlor   on behalf of Defendant   Princeton Alternative Funding, LLC f/k/a Microbilt
           Capital Funding, LLC jlawlor@wmd-law.com,  jgiampolo@wmd-law.com
          James N. Lawlor   on behalf of Trustee Matthew  Cantor jlawlor@wmd-law.com,  jgiampolo@wmd-law.com

District/off: 0312-3          User: admin              Page 3 of 4           Date Rcvd: Jan 13, 2020
                             Form ID: pdf903           Total Noticed: 2

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              James N. Lawlor    on behalf of Spec. Counsel Michael  Killourhy jlawlor@wmd-law.com,
               jgiampolo@wmd-law.com
              James N. Lawlor    on behalf of Counter-Defendant   Matthew Cantor, as Chapter 11 Trustee for
               Princeton Alternative Income Fund, LP, et al. jlawlor@wmd-law.com,  jgiampolo@wmd-law.com
              Jeffrey M. Sponder    on behalf of U.S. Trustee   U.S. Trustee jeffrey.m.sponder@usdoj.gov,
               jeffrey.m.sponder@usdoj.gov
              Jennifer C. McEntee    on behalf of Interested Party   SunUp Financial, LLC
               jcranston@ciardilaw.com,  dtorres@ciardilaw.com;sfrizlen@ciardilaw.com
              Jennifer C. McEntee    on behalf of Interested Party   Braviant Holdings, LLC
               jcranston@ciardilaw.com,  dtorres@ciardilaw.com;sfrizlen@ciardilaw.com
              Jennifer C. McEntee    on behalf of Interested Party   Balance Credit 2 SPV, LLC
               jcranston@ciardilaw.com,  dtorres@ciardilaw.com;sfrizlen@ciardilaw.com
              John C. Kilgannon    on behalf of Interested Party   admin jck@stevenslee.com
              John C. Kilgannon    on behalf of Interested Party   Covenant Strategic Income Fund Series
               Interests of the SALI Multi-Series Fund II 3(c)(1), LP jck@stevenslee.com
              Laura  Kessler    on behalf of Debtor   Princeton Alternative Income Fund, LP
               lkessler@sillscummis.com
              Maurice R. Mitts    on behalf of Defendant   Princeton Alternative Funding Management LLC
               mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant   LJP Consulting LLC mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Interested Party   LJP Consulting LLC mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Interested Party Walter  Wojceichowski mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Interested Party Philip N. Burgess mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Interested Party   MicroBilt Corporation mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant John "Jack"  Cook mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant   Microbilt Financial Services Corporation
               mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant Alonzo J. Primus mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant   Rosebud Mangement, LLC mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Interested Party Alonzo J. Primus mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant Philip N. Burgess mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Interested Party   Microbilt Financial Services Corporation
               mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant   MicroBilt Corporation mmitts@mittslaw.com
              Maurice R. Mitts    on behalf of Defendant Walter  Wojceichowski mmitts@mittslaw.com
              Meredith I. Friedman    on behalf of Defendant Timothy D. Anderson mfriedman@wilentz.com,
               ciarkowski@wilentz.com
              Meredith I. Friedman    on behalf of Defendant   Dinsmore & Shohl LLP mfriedman@wilentz.com,
               ciarkowski@wilentz.com
              Michael J. Duffy    on behalf of Defendant Alonzo J. Primus mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Interested Party   Microbilt Financial Services Corporation
               mduffy@mittslaw.com,  agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant   LJP Consulting LLC mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant   MicroBilt Corporation mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Interested Party Alonzo J. Primus mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Interested Party   LJP Consulting LLC mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant Walter  Wojceichowski mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant   Rosebud Mangement, LLC mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Interested Party   MicroBilt Corporation mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Interested Party Philip N. Burgess mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant   Princeton Alternative Funding Management LLC
               mduffy@mittslaw.com,  agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Interested Party Walter  Wojceichowski mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant John "Jack"  Cook mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant Philip N. Burgess mduffy@mittslaw.com,
               agary@mittslaw.com;kbennett@mittslaw.com
              Michael J. Duffy    on behalf of Defendant   Microbilt Financial Services Corporation
               mduffy@mittslaw.com,  agary@mittslaw.com;kbennett@mittslaw.com
              Mitchell  Malzberg    on behalf of Other Prof. Bernard A. Katz mmalzberg@mjmalzberglaw.com,
               dlapham@mjmalzberglaw.com
              Paul R. DeFilippo    on behalf of Plaintiff   Matthew Cantor, as Chapter 11 Trustee for Princeton
               Alternative Income Fund, LP, et al. pdefilippo@wmd-law.com,  jgiampolo@wmd-law.com
              Paul R. DeFilippo    on behalf of Trustee Matthew  Cantor pdefilippo@wmd-law.com,
               jgiampolo@wmd-law.com
              Paul R. DeFilippo    on behalf of Attorney   Wollmuth Maher & Deutsch LLP pdefilippo@wmd-law.com,
               jgiampolo@wmd-law.com

District/off: 0312-3           User: admin              Page 4 of 4           Date Rcvd: Jan 13, 2020
                              Form ID: pdf903          Total Noticed: 2

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
            Ricardo  Solano, Jr.   on behalf of Unknown Role Type    Sirius Investments SICAV, Sub-Fund
             Reserva rsolano@fklaw.com
            Ricardo  Solano, Jr.   on behalf of Creditor    Sirius Investments SICAV rsolano@fklaw.com
            Richard D. Trenk    on behalf of Interested Party    Ad-Hoc Committee of Minority Shareholders
             rtrenk@msbnj.com,  cdeangelis@msbnj.com
            Robert S. Roglieri    on behalf of Interested Party    Ad-Hoc Committee of Minority Shareholders
             rroglieri@msbnj.com,  mmassoud@msbnj.com
            Ronald S. Gellert    on behalf of Interested Party    Ad-Hoc Committee of Minority Shareholders
             rgellert@gsbblaw.com,  abrown@gsbblaw.com
            Sean  O'Brien   on behalf of Creditor    Monterey Receivables Funding, LLC sobrien@lippes.com
            Sean  O'Brien   on behalf of Creditor    Monterey Financial Services, LLC sobrien@lippes.com
            Sean  O'Brien   on behalf of Creditor    Monterey Financial Services, Inc. Profit Sharing Plan and
             Trust sobrien@lippes.com
            Sergio I. Scuteri   on behalf of Defendant    Lead Bank sscuteri@capehart.com
            Stephanie L. Jonaitis   on behalf of Plaintiff    Fund Recovery Services, LLC
             jonaitis@pepperlaw.com,  balaa@pepperlaw.com;molitorm@pepperlaw.com
            Stephanie L. Jonaitis   on behalf of Defendant    Microbilt Financial Services Corporation
             jonaitis@pepperlaw.com,  balaa@pepperlaw.com;molitorm@pepperlaw.com
            Stephanie L. Jonaitis   on behalf of Defendant Philip N. Burgess jonaitis@pepperlaw.com,
             balaa@pepperlaw.com;molitorm@pepperlaw.com
            Stephanie L. Jonaitis   on behalf of Defendant Alonzo J. Primus jonaitis@pepperlaw.com,
             balaa@pepperlaw.com;molitorm@pepperlaw.com
            Stephanie L. Jonaitis   on behalf of Defendant    Princeton Alternative Funding, LLC f/k/a
             Microbilt Capital Funding, LLC jonaitis@pepperlaw.com,
             balaa@pepperlaw.com;molitorm@pepperlaw.com
            Stephanie L. Jonaitis   on behalf of Defendant    MICROBILT CORPORATION jonaitis@pepperlaw.com,
             balaa@pepperlaw.com;molitorm@pepperlaw.com
            Timothy H Caine   on behalf of Debtor    Princeton Alternative Funding LLC timothy@hea-ip.com,
             jcmccullough@kslaw.com
            Timothy H Caine   on behalf of Debtor    Princeton Alternative Income Fund, LP timothy@hea-ip.com,
             jcmccullough@kslaw.com
            U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
            Valerie A. Hamilton   on behalf of Debtor    Princeton Alternative Income Fund, LP
             Valerie.Hamilton@law.njoag.gov
            Valerie A. Hamilton   on behalf of Debtor    Princeton Alternative Funding LLC
             Valerie.Hamilton@law.njoag.gov
            Valerie A. Hamilton   on behalf of Attorney    Sills Cummis & Gross, P.C
             Valerie.Hamilton@law.njoag.gov
                                                                              TOTAL: 130